IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CAROLYN E. O'CONNOR,

                Plaintiff,

v.

WILLIAM G. YOUNG, ET AL.,

                Defendants.

Civil Action Number 3:06CV331

**ORDER**

THIS MATTER comes before the Court on Plaintiff Carolyn E. O'Connor's Complaint alleging negligence and gross negligence by several federal judges, the Commonwealth of Massachusetts, and the Senators representing the Commonwealth of Massachusetts.

As Plaintiff should be well aware from her several defeated attempts at suing federal judges, federal judges acting in their official capacity are protected from suit by the doctrine of judicial immunity. Plaintiff's claims against Judge William G. Young, Judge Morris E. Lasker, Judge Conrad K. Cyr, Judge Sandra L. Lynch, and Judge Kermit V. Lipez are precluded by the doctrine of judicial immunity. See Mireles v. Waco, 502 U.S. 9, 10 (1992) (holding judicial immunity is a threshold question which requires summary dismissal); Cleavinger v. Saxner, 474 U.S. 193, 199 (1985) (holding a judge is immune from a suit for money damages). Plaintiff's legally deficient claims against presiding judicial officers based on her disagreement with their decisions and dismissal of her claims is wholly inappropriate. Plaintiff's attempts to sidestep the doctrine of judicial immunity by alleging claims against these judges in their individual capacity is unavailing, since she alleges she has incurred damages from acts performed in their judicial capacity. Plaintiff's

claims against the judges in their official and individual capacity are barred by their common law judicial immunity and are hereby dismissed.

Plaintiff's claims against the Commonwealth of Massachusetts are dismissed as well. The Eleventh Amendment grants the states absolute immunity from suits brought by individuals for damages in federal court. Edelman v. Jordan, 415 U.S. 651, 662–63 (1974).

Finally, Plaintiff asserts vague tort claims against Senators Edward Kennedy and John Kerry. Acting in their official capacity, the senators are protected from civil suit by the doctrine of official immunity. Official immunity protects federal officials from civil suits arising out of actions taken in the performance of their official duties and responsibilities. Barr v. Matteo, 360 U.S. 564 (1959)

## Conclusion

Plaintiff has not raised any claims that properly invoke this Court's subject matter jurisdiction.

For the foregoing reasons, Plaintiff's Complaint (**Dkt No. 1**) is DISMISSED in its entirety with prejudice. Plaintiff's Motion to Request Sanctions (**Dkt No. 2**) is DENIED as moot.

Plaintiff is advised that she may appeal the decision of this Court. Under Federal Rules of Appellate Procedure 3 and 4, any written Notice of Appeal must be filed with the Clerk of this Court within sixty (60) days of the date of entry of this Order. Failure to file a timely notice of appeal may result in the loss of the right to an appeal.

Let the Clerk send a copy of this Order to pro se Plaintiff Carolyn E. O'Connor and to all Defendants.

It is SO ORDERED.

                                                  /s/
                                               James R. Spencer
                                             CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this __22nd__ day of June 2006